46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles V. FARNSWORTH, Plaintiff-Appellant,
v.
Eugene H. DAVIS, United States, Marshal, Defendant-Appellee.
 No. 94-4149.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Farnsworth, a state inmate and pro se litigant, appeals the denial of habeas corpus relief.
 
 
 3
 Mr. Farnsworth's habeas corpus petition is typical of a pro se petitioner's in that it is difficult to understand the alleged facts. It appears Mr. Farnsworth claims he was arrested on November 8, 1993, and was being held for trial on various state charges. The essence of the complaint, which was filed on January 25, 1994, was that his common law wife attempted to post bond and this was denied as a federal detainer had been filed. Mr. Farnsworth complains against the United States Marshal. Mr. Farnsworth alleged "that the collusion between state and federal authorities in circumventing the federal rules of criminal procedure, by forcing petitioner to post bail on his state charge without first having bail set on his federal firearm charge, is frustrating his right to a prompt arraignment, a denial of counsel, denial of due process, denial of bail and equal protection."
 
 
 4
 The matter was referred to a magistrate judge who opined the federal government, "pursuant to the Interstate Agreement on Detainer Act has 180 days to bring [Mr. Farnsworth] to trial on the [federal charge]" and because plaintiff "has failed to exhaust his state remedies" on the issue, insofar as an issue exists, the exhaustion requirement has not been satisfied. The magistrate judge concluded that plaintiff's confinement does not violate the Constitution, or any law or treaty of the United States.
 
 
 5
 Mr. Farnsworth appeals this decision asserting "the issuance and improper lodging of a federal detainer are an abuse of process leading to constitutional violation of Appellant's civil rights" and that the process of filing a federal detainer is somehow the same as Mr. Farnsworth serving a prison term.
 
 
 6
 Mr. Farnsworth misperceives the law. First, Mr. Farnsworth is being held by the state authorities and not by the federal authorities. The fact that a federal detainer has been lodged against him does not shift his custodian from the state to the federal government. A habeas corpus petition must be directed to the person having custody of the petitioner and this was not done in the present case. Second, as Mr. Farnsworth is being held in the custody of the state, the district court was correct in concluding that a federal habeas corpus does not lie unless and until Mr. Farnsworth exhausted his state remedies, which was not done. See 28 U.S.C. 2254(b) and (c).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470